IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

GALLERY CORP. d/b/a Mattress Gallery,

        Debtor.

---

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF GALLERY CORP., d/b/a
Mattress Gallery,

        Plaintiff,

v.

KIMCO SECURITIES CORPORATION,

        Defendant.

---

Chapter 11

Case No. 07-11628 (KG)

Adv. Pro. No. 08-50002

## STIPULATION AUTHORIZING DISBURSEMENT TO KIMCO SECURITIES CORP. IN PARTIAL SATISFACTION OF ITS SECURED CLAIM

This Stipulation of Settlement is made this 5th day of May, 2008 by and between Gallery Corp., d/b/a Mattress Gallery (the "Debtor"), the Official Committee of Unsecured Creditors of Gallery Corp., (the "Committee") and Kimco Securities Corp. ("Kimco") and parties stipulate and agree as follows:

### BACKGROUND

1.      On November 1, 2007, (the "Petition Date"), the Debtor commenced a case under Title 11 of the United States Code by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtor is

continuing possession of its assets and operating its business as a Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in this case.

3. On November 8, 2007, the Office of the United States Trustee appointed the Committee.

4. Kimco entered into a cash collateral agreement with the Debtor as part of the Debtor's obtaining debtor-in-possession financing from OMG Acquisition Corp ("OMG"). The cash collateral agreement was approved by interim orders of the Bankruptcy Court dated November 2, 2007 (D.I. 33) and November 26, 2007 (D.I. 96) (the "Interim Order") and a final order of the Bankruptcy Court dated February 8, 2008 (D.I. 221).

5. Pursuant to the Interim Order, the Committee had 60 days after its appointment within which to file an objection or a complaint asserting any claims of any type or nature that arose out of or related to the pre-petition financial accommodations extended by Kimco to the Debtor.

6. On December 7, 2007, the Bankruptcy Court entered an order approving the sale of substantially all of the Debtor's assets to OMG. Pursuant to paragraph 4 of the order approving the sale, liens attached to the proceeds of the sale "with the same priority, validity, force, and effect, if any, as they now have in or against the Assets, subject to all claims and defenses the Debtor may possess with respect thereto."

7. On or about January 7, 2008, the Committee commenced Adversary Proceeding No. 08-50002 by filing its complaint with the Bankruptcy Court (the "Adversary Proceeding") asserting various claims for relief, including the perfection of Kimco's liens on certain assets of the Debtor.

8. Kimco answered the complaint filed in the Adversary Proceeding on January 29, 2008.

9. In or about January 2008, Kimco filed a proof of claim against the Debtors asserting a secured claim. In addition, Kimco has contended it is entitled to post-petition interest, attorneys fees and other charges as part of its claim in these cases (collectively, the "Kimco Claim"). Kimco contends that the Kimco Claim is secured by a perfected security interest on substantially all of the Debtor's assets.

10. On or about February 25, 2008, the Debtor, with the consent of the Committee, paid $2 million to Kimco in partial satisfaction of Kimco's secured claim and to reduce the estate's exposure on accruing interest and to address adequate protection issues, with a full reservation of rights by all parties. The Committee, the Debtor and Kimco further agreed to reserve $2.4 million as adequate protection for Kimco's remaining security interest in the sales proceeds. This agreement was approved by an order of the Bankruptcy Court dated April 14, 2008 (D.I. 285).

11. The Committee, the Debtor and Kimco agreed to participate in a mediation to resolve the disputed issues between Kimco and the Committee, which was ordered by the Bankruptcy Court.

12. The Debtor, the Committee and Kimco participated in mediation conferences before the Honorable Brendan Linehan Shannon on April 11, 2008 and April 18, 2008.

13. The parties have agreed to a resolution (the "Resolution") of the Adversary Proceeding and provide for the treatment of the Kimco Claim under terms and conditions to be set forth more fully in a separate Stipulation of Settlement (the "Settlement Stipulation") for

which approval will be sought pursuant to notice and a motion under Bankruptcy Rule 9019 (the "Settlement Motion").

14. One of the terms of the Resolution is that Kimco is to receive an additional distribution of $1.3 million in partial satisfaction of Kimco's secured claim and that the parties would seek such a distribution in advance of the filing or approval of the Settlement Motion.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that:

1. Within one (1) business day of the date the order approving this Stipulation by the Bankruptcy Court, the Debtor shall pay to Kimco $1.3 million dollars (the "Distribution").

2. The Distribution shall be disgorged to the Debtor's estate in the event that approval of the Settlement Motion is denied or the Settlement Stipulation is terminated according to its terms.

3. This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures that are scanned and sent by e-mail ("electronic signature") are treated as a binding and original document, and the facsimile or electronic signature of either party is considered an original signature.

4. Each of the parties irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to approve and enforce the terms and provisions of this Stipulation and expressly waives any right to commence any action in any other forum or to contest this Court's jurisdiction.

5. The person executing this Stipulation on behalf of each respective party warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such party.

4

6. This Stipulation may not be altered, modified, or changed unless in writing, signed by the parties (or their counsel) and approved by an order of the Bankruptcy Court.

**[Intentionally Blank]**

**WHEREFORE,** the parties have caused the execution of this Stipulation as of the date first entered above.

Dated: May 5, 2008

        **SILVERMAN PERLSTEIN & ACAMPORA LLP**
        Counsel to Kimco Securities Corporation

        By: _/s/ Gerard R. Luckman_
           Gerard R. Luckman, Esq. (GRL#8516)
           A Member of the Firm
           100 Jericho Quadrangle-Suite 300
           Jericho, New York 11753
           (516) 479-6300

        and

        Jeremy W. Ryan (No. 4057)
        Saul Ewing LLP
        222 Delaware Avenue, Suite 1200
        Wilmington, DE 19899-1266

Dated: May __, 2008         **KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP**
        Counsel to the Official Committee of Unsecured Creditors

        By:_____
           Joanne B. Wills, Esq.
           Richard M. Beck, Esq.
           919 Market Street
           Wilmington, DE 19801
           (302) 426-1189

Dated: May __, 2008         **GREENBERG TRAURIG**
        Counsel to the Debtor

        By:_____
           Donald J. Detweiler, Esq.
           The Nemours Building
           1007 Nemours Building
           Wilmington, DE 19801
           (302) 661-7000

WHEREFORE, the parties have caused the execution of this Stipulation as of the date first entered above.

Dated: May ___, 2008

**SILVERMAN PERLSTEIN & ACAMPORA LLP**
Counsel to Kimco Securities Corporation

By: _____
Gerard R. Luckman, Esq. (GRL#8516)
A Member of the Firm
100 Jericho Quadrangle-Suite 300
Jericho, New York 11753
(516) 479-6300

and

Jeremy W. Ryan (No. 4057)
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899-1266

Dated: May 5, 2008

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP**
Counsel to the Official Committee of Unsecured Creditors

By: _____
Joanne B. Wills, Esq.
Richard M. Beck, Esq.
919 Market Street
Wilmington, DE 19801
(302) 426-1189

Dated: May ___, 2008

**GREENBERG TRAURIG**
Counsel to the Debtor

By: _____
Donald J. Detweiler, Esq.
The Nemours Building
1007 Nemours Building
Wilmington, DE 19801
(302) 661-7000